### AN INVALID HIGHWAY CROSSING ACT.

Common Pleas Court of Hamilton County.

THE CITY OF CINCINNATI v. THE CINCINNATI, LEBANON & NORTHERN RAILWAY COMPANY AND THE PITTSBURGH, CINCINNATI & ST. LOUIS RAILWAY COMPANY (two cases).

Decided, August 12, 1912.

*Constitutional Law—Provision for Avoiding Grade Crossings on Highways Invalid for Lack of Provision for Notice to Railway Company.*

Section 8897, P. & A. Anno. G. C., authorizing a municipality in constructing a highway across an existing railroad to build it otherwise than at grade and charge one-half of the cost thereof to the railway company, is unconstitutional for the reason that no provision is made therein for notice to the company of such intention, with opportunity to be heard as in other assessment cases.

*City Solicitor,* for plaintiff.
*Robert Ramsey,* contra.

CUSHING, J.

These actions are brought to recover from the defendant companies one-half of the cost of construction of bridges or viaducts over the railroad of the defendants at Burbank and Whittier. streets in the city of Cincinnati.

The act of the Legislature authorizing the city to make the improvement and charge the defendants with half the cost of the same was passed April 25, 1904.

Section 3 of the act (97 Ohio Laws, 546), is:

"Every municipality or other authority hereafter constructing a highway across an existing railroad, shall construct the same above or below the grade thereof, unless permitted in the manner hereinafter provided, to construct the same at grade, and cost of said work shall be paid, one-half by said municipality, and one-half by the railroad company owning said railroad."

The defendants claim that this act of the Legislature is unconstitutional in that it is in conflict with Section 1 of Article XIV of the Constitution of the United States, which reads as follows: .

"No state shall make or enforce any law which shall  *  *  * deprive any person  *  *  *  of property, without due process of law."

In my opinion the act is unconstitutional.  It is within the power of the Legislature to provide that streets and highways crossing the tracks of railroad companies shall not be at grade; that both the municipality and the railroad company shall bear the expense of such improvement.  But the act does not provide for notice to the railroad company of the city's intention to make the improvement and charge the company with part of the expense.

Under the act in question the city, without notice or hearing, and without an opportunity to be heard, made the improvement and has charged defendants with half the cost of same.  If a law authorizing a municipality to thus charge defendants with a few thousands of dollars is valid, there is no limit to the amount that could be demanded of and charged to railroad companies.  Under the act in question when the city has established that the improvement was made and has shown its cost, the defendants are obligated to pay half that cost.  There can be no defense to such an action; that is, the question of the necessity for the improvement, its reasonableness and all questions as to

the cost of the same are merged in the power given the municipality to make the improvement.    This is a taking of property without due process of law.

The defendants are entitled to notice, and an opportunity to be heard, as in case of other assessment for improvements, before they can be charged with any part of the expense of such improvements.

In each case the demurrer will be sustained.    *Railroad Co.* v. *Keith,* 67 O. S., 280; *Turnpike Co.* v. *Parks,* 50 O. S., 568; *Turnpike Co.* v. *Gay,* 50 O. S., 459.